## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Nairam Robles López, personally and on behalf of minor JCR,<br><br>Plaintiffs,<br><br>v.<br><br>Department of Education of Puerto Rico, and the Commonwealth of Puerto Rico,<br><br>Defendants. | Case No. 26-cv-1217<br><br><br>Attorney's Fees and Costs pursuant to 20 U.S.C. § 1415(i)(3)(B) |

### VERIFIED COMPLAINT

**TO THE HONORABLE COURT:**

**NOW COME** plaintiffs, through their undersigned attorney, and very respectfully state, allege and pray as follows:

### INTRODUCTION

1.    This action is brought by Mrs. Nairam Robles López, both personally and on behalf of her minor son, JCR, to recover attorney's fees and costs.

2.    JCR is a child with disabilities, pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 et seq.

3.    This action arises under section 1415(i)(3)(B) of the IDEA which provides that a federal district court can award attorneys' fees to the parents or guardian of a child with a disability who is a prevailing party in an administrative

Verified Complaint
Case No. 26-cv-1217

proceeding. See 20 U.S.C. § 1415(i)(3)(B)(i)(I). See also 34 C.F.R. § 300.517(a)(1)(i) (2010).

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 20 U.S.C. §§ 1415 (i)(2)(A) and (i)(3)(A); 28 U.S.C. §§ 1331, 1343 (a)(4), 2201 and 1441; 20 U.S.C. § 1415. See also 34 C.F.R. § 300.516 (2010).

5. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 as the events giving rise to this claim occurred in this district, and all parties are residents of Puerto Rico.

## PARTIES

6. Plaintiff Mrs. Nairam Robles López is the mother and legal custodian of minor JCR. See **Exhibit #1,** Unsworn Statement under Penalty of Perjury signed by Nairam Robles López on April 8, 2026.

7. Plaintiff JCR is a ten-year-old student diagnosed with Level 3 autism spectrum disorder, sensory processing difficulties, and additional conditions that require specialized instruction and related services to access a free appropriate public education (FAPE).

8. JCR resides with his parents in the Municipality of Vega Alta, Puerto Rico, with the following postal address: HC 83 Box 6730, Vega Alta, P.R. 00692.

Verified Complaint
Case No. 26-cv-1217

9.    JCR is duly registered with the Department of Education of Puerto Rico ("PRDOE") as a child with disabilities with registration number 24693677 and is registered in the PRDOE's Vega Alta District, Arecibo Region.

10.    As a child with disabilities, JCR is qualified by federal and state law to participate in the academic and related services program of the public education system administered by the PRDOE.

11.    Plaintiffs respectfully request that this Honorable Court order defendants to pay the attorney's fees and costs to which they are entitled as prevailing parties in administrative due process case number QEE-2425-04-09-00607, as well as those incurred in prosecuting the instant action.

12.    The Department of Education of Puerto Rico is the agency of the Commonwealth of Puerto Rico responsible for providing and administering the public education system in the Commonwealth of Puerto Rico.

13.    As a recipient of federal funding under the IDEA, the PRDOE is responsible for providing a free appropriate public education suited to the individual needs of minor JCR, a child with disabilities.

14.    The physical address of the PRDOE is Urbanización Industrial Tres Monjitas, Avenida Federico Costas, Equina Calaf,

Verified Complaint
Case No. 26-cv-1217

Hato Rey, Puerto Rico, 00919, and the postal address is P.O. Box 190759, San Juan, P.R. 00917.

15. The Commonwealth of Puerto Rico is included as co-defendant due to the Department of Education of Puerto Rico's lack of capacity to sue and be sued.

16. The Commonwealth is represented by the Puerto Rico Department of Justice, whose physical address is 677 Teniente César González Street, Jesús T. Piñero Avenue Corner, San Juan, P.R., 00918, and postal address is P.O. Box 9020192, San Juan, P.R. 00902-0192.

## STATEMENT OF THE CASE

17. On September 20, 2024, plaintiffs filed administrative due process complaint number QEE-2425-04-09-00607, asserting that the PRDOE had failed to provide JCR with a free appropriate public education (FAPE) for the 2023-2024 and 2024-2025 school years.

18. Plaintiffs requested an order mandating the development of an IDEA-compliant Individualized Education Program (IEP) for the 2024-2025 school year, private placement at public cost in the Ciudad de las Ideas Bilingual Academy in the Municipality of Corozal, assistive technology equipment, multiple special education related services, compensatory services, and a certified copy of JCR's academic record.

4

Verified Complaint
Case No. 26-cv-1217

19. The case was originally presided by hearing officer Wanda Marín Lugo, Esq. and later reassigned by the PRDOE to hearing officer Ruz Torres Orengo, Esq.

20. Administrative due process case number QEE-2425-04-09-00607 proceeded to administrative trial.

21. While plaintiffs were presenting their expert and fact witnesses, the parties engaged in settlement negotiations, convened multiple IEP team meetings as ordered by the ALJ, and ultimately entered into a settlement agreement—expressly approved by the hearing officer—that granted the relief sought in the administrative due process complaint.

22. On August 6, 2025, the hearing officer issued a Final Resolution and Order expressly designating plaintiffs as prevailing parties, granting the administrative due process complaint, and directing the PRDOE to strictly and timely comply with the settlement terms.

23. Defendants are liable for payment of attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B), because plaintiffs achieved a material alteration of the legal relationship between minor JCR and the PRDOE by securing the special education services and related relief sought in administrative due process complaint number QEE-2425-04-09-00607.

Verified Complaint
Case No. 26-cv-1217

24. The remedies obtained by plaintiffs were formally granted and incorporated in the Final Resolution and Order issued by the administrative hearing officer on August 6, 2025.

25. The Final Resolution and Order issued by ALJ Torres Orengo on August 6, 2025 has not been appealed by the PRDOE and, therefore, stands to become final.

26. By securing the relief sought in due process case number QEE-2425-04-09-00607 as a direct result of filing the due process complaint and litigating the matter to a Final Resolution and Order bearing the required judicial imprimatur, plaintiffs established their status as the prevailing party.

27. Accordingly, pursuant to 20 U.S.C. § 1415(i)(3)(B), plaintiffs are entitled to recover the reasonable attorney's fees and costs incurred in the administrative proceedings, together with all additional fees and costs incurred in connection with this litigation.

## CAUSE OF ACTION

28. Plaintiffs re-allege and incorporate paragraphs 1 through 27 of this Verified Complaint.

29. IDEA's section 1415(i)(3)(B) provides that a federal district court can award attorney's fees and costs to the parents or guardian of a child with a disability who is a prevailing party

6

Verified Complaint
Case No. 26-cv-1217

in an administrative or judicial proceeding. See also 34 C.F.R. §
300.517(a)(1)(i).

30.  The relief sought in the administrative proceeding was
obtained as a direct result of the due process complaint and was
formally granted and incorporated into the Final Resolution and
Order issued by the administrative hearing officer, thereby
bearing the requisite judicial imprimatur and establishing
plaintiffs as the prevailing party.

31.  As prevailing parties, plaintiffs are entitled to
recover reasonable attorney's fees and costs pursuant to 20 U.S.C.
§ 1415(i)(3)(B)(i)(I).

32.  Plaintiffs therefore seek an award of attorney's fees
and costs incurred in connection with administrative case number
QEE-2425-04-09-00607, together with all additional fees and costs
incurred in the prosecution of this action until its final
resolution.

33.  Attached to this Verified Complaint as Exhibit 2 is a
detailed invoice reflecting the legal services rendered by
plaintiffs' counsel to date in administrative case number QEE-
2425-04-09-00607, as well as in the preparation and filing of the
instant complaint. See **Exhibit 2**, invoice number 16571.

34.  All costs and time entries itemized in Exhibit 2 were

7

Verified Complaint
Case No. 26-cv-1217

necessarily incurred in preparing for and successfully prosecuting administrative case QEE-2425-04-09-00607, as well as in the initiation of this civil action.

35.    The hourly rate charged for the services provided by the undersigned attorney is $175.00 per hour, charged in increments of one tenth of an hour (.10).

36.    The undersigned current $175.00 hourly rate was recently deemed reasonable by this Honorable Court for special education litigation in Puerto Rico in Vélez-Pellot v. Dep't of Educ. of Puerto Rico, Case No. 25-cv-1151 (PAD) (D.P.R. September 30, 2025) at 8.

37.    The undersigned attorney's previous hourly rate of $150.00 was established in the early 2010s and consistently upheld by this Honorable Court as reasonable and appropriate for special education litigation in Puerto Rico throughout the past decade. See Guerrero-Poche v. Dep't of Educ. of Puerto Rico, No. 16-2426, 2017 U.S. Dist. LEXIS 67636, 2017 WL 1653268 (D.P.R. May 2, 2017); Ortiz-Cardona v. Dep't of Educ. of Puerto Rico, No. 15-3121, 2017 U.S. Dist. LEXIS 72501 (D.P.R. March 24, 2017); Santoni-Marzán v. Dep't of Educ. of Puerto Rico, No. 16-2168 (D.P.R. October 3, 2016)(ECF No. 19)(Domínguez, J.); Pérez-Ortiz v. Dep't of Educ. of Puerto Rico, No. 16-2424 (D.P.R. September 14, 2016)(ECF No.

Verified Complaint
Case No. 26-cv-1217

17)(Gelpí, J.).

38.   The undersigned attorney is a sole practitioner with twenty-one years of experience actively litigating civil cases in federal and state courts.

39.   In May of 2000, the undersigned obtained a Bachelor of Science in Business Administration degree with majors in finance and Management, as well as a minor in economics, with honors, from the University of Florida, Warrington College of Business Administration in Gainesville, Florida.

40.   The undersigned then obtained a *juris doctor* degree, with *cum laude* honors, from the University of Puerto Rico, School of Law, in June of 2003.

41.   The undersigned was admitted to the Puerto Rico Bar shortly after graduating from law school, achieving a 97-percentile result in the bar exam, and was sworn in by the Puerto Rico Supreme Court on January 26, 2004 (Bar No. 14,860).

42.   On March 11, 2004, the undersigned was authorized to practice as a notary public in the Commonwealth of Puerto Rico.

43.   The undersigned was admitted to practice before this District Court on June 25, 2004 (Bar No. 221714), and before the U.S. Court of Appeals for the First Circuit on September 13, 2004 (Bar No. 100945).

9

Verified Complaint
Case No. 26-cv-1217

44.   Since 2004, the undersigned has actively litigated cases in federal and state courts.

45.   As of this date, the undersigned serves as counsel in multiple reported cases before this District Court and the First Circuit. See, e.g., Lloyd's of London v. Pagán-Sánchez, 539 F.3d 19, 2008 A.M.C. 1990 (1st Cir. 2008); Vázquez-Carmona v. Department of Education of P.R., 255 F. Supp. 3d 298 (D.P.R. 2017); Arroyo-Delgado v. Department of Education of P.R., 199 F. Supp. 3d 548 (D.P.R. 2016); Torres-Serrant v. Department of Education of P.R., 100 F. Supp. 3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R., 45 F. Supp. 3d 170 (D.P.R. 2014); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 2005 A.M.C. 2344 (D.P.R. 2005). See also unpublished opinions available in the LexisNexis database such as Pinzón-Bilbrault v. Commonwealth of P.R., Civil No. 10-1630 (SEC), 2011 U.S. Dist. Lexis 72698 (D.P.R. July 6, 2011); Díaz-Báez v. Alicea-Vasallo, Civil No. 10-1570 (JAG), 2011 U.S. Dist. Lexis 39225 (D.P.R. March 31, 2011); Oliver v. Kmart Corp., Civil No. 08-1660, 2009 U.S. Dist. Lexis 21473 (D.P.R. March 13, 2009); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2011 PR App. Lexis 3259 (P.R. Ct. App. December 12, 2011); Rosado-Mojica v. Diagnostic Imaging Center,

10

Verified Complaint
Case No. 26-cv-1217

Case No. KLAN 2011-01386, 2011 PR App. Lexis 3600 (P.R. Ct. App. November 30, 2011); Ortiz-Zambrana v. García-Santiago, Case No. KLRA 2010-01175, 2010 PR App. Lexis 4827 (P.R. Ct. App. November 16, 2010); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLAN 2007-00265, 2008 PR App. Lexis 1913 (P.R. Ct. App. May 27, 2008); Popular Auto v. Vélez-Báez, Case No. KLCE 2006-01111, 2006 PR App. Lexis 3107 (P.R. Ct. App. November 30, 2006); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00767, 2006 PR App. Lexis 1865 (P.R. Ct. App. August 25, 2006); Ayala-Rivera v. Banco Popular de P.R., Case No. KLCE 2005-00933, 2005 PR App. Lexis 2964 (P.R. Ct. App. September 26, 2005); Simons-Burgos v. Banco Popular de P.R., Case No. KLCE 2005-00074, 2005 PR App. Lexis 00721 (P.R. Ct. App. March 28, 2005); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-01007, 2004 PR App. Lexis 1789 (P.R. Ct. App. October 13, 2004); Pueblo International, LLC v. Plaza Las Américas, Inc., Case No. KLCE 2004-00572, 2004 PR App. Lexis 0781 (P.R. Ct. App. May 24, 2004).

46. For seventeen years, counsel for the appearing parties has effectively represented clients in hundreds of special education cases before administrative forums across the Island, as well as in local and federal courts. See, e.g., Rojas-Mercado v.

11

Verified Complaint
Case No. 26-cv-1217

PRDOE, 2008-014-011, 2010-014-001; Delgado-López v. PRDOE, 2009-098-022, 2011-098-003, 2011-098-017; Mercado-Nieves v. Commonwealth of P.R., KPE 2010-1188 (907), KPE 2010-2188 (907), 10-1737 (JP/JAF); López-Lamboy v. Commonwealth of P.R., 10-1316 (FAB)(JA); Román-Hernández v. PRDOE, 2010-032-002, 2010-032-005; Candelaria-Agrón v. Commonwealth of P.R., KPE 2010-1737 (907); Vázquez-Padilla v. Commonwealth of P.R., 10-1966 (FAB); Santa-López v. PRDOE, 2010-021-011; Santa-Rodríguez v. Commonwealth of P.R., 11-1086 (SEC); García-García v. PRDOE, 2009-09-042, 2010-69-058; García-Mejías v. Commonwealth of P.R., KPE 2010-2964 (907), KPE 2010-4452 (907), 11-1247 (JAG)(BJM); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011); Oliveras-Rivera v. Commonwealth of P.R., KPE 2010-3332 (907), KPE 2010-3333 (904), 10-2218 (GAG); López-Castro v. Commonwealth of P.R., KPE 2010-4828 (904), 11-1299 (DRD).

47. Plaintiffs' counsel has litigated three IDEA cases before this District Court that resulted in published opinions. See Torres-Serrant v. Department of Education of P.R., 100 F. Supp. 3d 138 (D.P.R. 2015); Concepción-Torres v. Commonwealth of P.R., 45 F. Supp. 3d 338 (D.P.R. 2014); Hernández-Rodríguez v. Commonwealth of P.R., 764 F. Supp. 2d 338 (D.P.R. 2011).

48. Considering the undersigned attorney's educational

12

Verified Complaint
Case No. 26-cv-1217

background, extensive litigation experience, and specialized practice in the field of special education law, as well as the present inflationary period and the increased costs of living and operating a law practice in Puerto Rico, an hourly rate of $175.00 is reasonable and should be approved by this Honorable Court.

49. Plaintiffs' counsel's hourly rate of $175.00 falls within the prevailing market range for attorneys in Puerto Rico's legal community who handle specialized matters such as the case at bar.

50. Since the early 2000s, this District Court has ordered—and the Department of Education has accepted—hourly rates of $200.00 or higher in cases like the one at hand. See, e.g., Zayas v. Commonwealth of Puerto Rico, 451 F. Supp. 2d 310, 315-16 (D.P.R. 2006). See also Gonzalez v. P.R. Dept. of Education, 1 F. Supp. 2d 111, 115 (D.P.R. 1998) (holding a $135.00 hourly rate reasonable for a less experienced Puerto Rico attorney twenty-seven (27) years ago).

51. The undersigned counsel's hourly rate of $175.00, billed in one-tenth (.10) hour increments, is reasonable considering counsel's extensive experience and established track record of success in federal and state special education litigation.

**PRAYER FOR RELIEF**

13

Verified Complaint
Case No. 26-cv-1217

**WHEREFORE,** plaintiffs respectfully request that this Honorable Court enter judgment in their favor, holding defendants liable for the payment of attorney's fees and costs incurred in administrative due process case number QEE-2425-04-09-00607, together with all additional fees and costs incurred in the prosecution of this action through its final resolution, and granting such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 10th day of April 2026.

*s/ Francisco J. Vizcarrondo Torres*
Francisco J. Vizcarrondo-Torres
USDC No. 221714
PO Box 270302
San Juan, P.R. 00928-3102
Tel: 787-296-9521
fvizcarrondo@fjvtlaw.com
www.fjvtlaw.com

14